IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| DAVERETTA A. HAYES, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-12-317 |
| AMALGAMATED TRANSIT UNION LOCAL 1300 | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Plaintiff Daveretta A. Hayes *pro se* filed this lawsuit claiming racial discrimination pertaining to her employment with the Maryland Transit Administration. (Compl., ECF No. 2.) She has requested appointment of legal counsel. In a civil case such as this one alleging employment discrimination, an indigent litigant does not have a constitutional right to counsel, but the court may appoint counsel "where the case of an indigent plaintiff presents exceptional circumstances." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296, 300 (1989). In determining whether exceptional circumstances exist, a court considers "'the type and complexity of the case as well as the abilities of the individual bringing it.'" *Id.* At this preliminary stage of the proceedings, the issues do not appear unduly complex and Plaintiff has well articulated her complaint. Consequently, exceptional circumstances do not exist. The motion for appointment of counsel will be denied without prejudice.

Accordingly, it is this 23rd day of April, 2012, by the United States District Court for the District of Maryland hereby ORDERED:

1. Plaintiff's motion for appointment of counsel (ECF No. 12) is DENIED without prejudice; and

2. The Clerk shall ensure both parties receive a copy of this order.

/s/
James K. Bredar
United States District Judge