IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2012 DEC 26 P 2: 03

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

|  |  |
|---|---|
| DAVERETTA A. HAYES, | * |
| Plaintiff | * |
| v. | * CIVIL NO. JKB-12-317 |
| AMALGAMATED TRANSIT UNION LOCAL 1300, | * |
| Defendant | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Pending before the Court is a motion for reconsideration of the Court's grant of summary judgment for Defendant. (ECF No. 32.) Plaintiff Daveretta A. Hayes *pro se* sued Amalgamated Transit Union Local 1300 (the "Union") in Maryland state court, alleging that the Union, acting under color of state law, willfully and intentionally deprived her of her right to equal protection under the Fourteenth Amendment to the Constitution. (Compl. ¶ 10, ECF No. 2.) She further alleged that the Union's conduct gave rise to a state law claim pursuant to a Maryland statute that prohibits labor organizations from discriminating against its members based on race, color, religion, sex, age, national origin, marital status, sexual orientation, or disability. (*Id.*) *See* Md. Code Ann., State Gov't § 20-606(c) (LexisNexis 2009) (formerly Md. Ann. Code art. 49B, §§ 14-18). She claimed that she had been wrongfully denied reinstatement to her seniority status unlike a male member who had been so reinstated. (Compl. ¶¶ 2-10.)

Defendant removed the case to this Court and filed an answer denying Plaintiff's allegations. (ECF Nos. 1, 8.) A scheduling order was entered and the parties engaged in discovery. (ECF Nos. 10, 17, 18.) After discovery was closed, the Union filed a motion for summary judgment. (ECF No. 25.) Plaintiff filed her response in opposition (ECF No. 27), and

it and Defendant's reply (ECF No. 30) were duly considered by the Court before it granted the motion (ECF No. 31).

In deciding to grant the motion, the Court adopted the reasons set out in the Union's supporting memorandum. (*Id.*) Thus, Plaintiff's Fourteenth Amendment equal protection claim was invalid because Union officials are not state actors for purposes of that constitutional provision. (*Id.*) In addition, the Court found no genuine dispute of material fact as to her claim of gender discrimination in the Union's refusal to reinstate her to her prior seniority status. (*Id.*) The one instance Plaintiff contended was comparable was not, in fact, comparable. (*Id.*) Although not stated in the Court's memorandum opinion, the evidence provided by the Union showed that Plaintiff transferred in 2004 from a bus operator position with the Maryland Transit Administration ("MTA"), which she had held since 1990, to a supervisory position, and she remained in a supervisory position through the time she filed the complaint in this case in 2012. (Mot. Summ. J. Ex. 1, Hayes-MTA Dep. 7:19—9:19, Apr. 19, 2012.) As a bus operator, she was a union member, but when she went into management, she lost her union seniority after her six-month probationary period in the management position. (*Id.* 11:5-9, 12:15-18, 15:9-17.) In March 2010, she asked that she be returned to a bus operator position, and both the MTA and the Union said that was possible as long as she understood she would not be restored to her prior union seniority or her prior MTA seniority as a bus operator. (*Id.* 42:4-18, 43:10-18, 44:12-20, 55:18—56:7.)

The collective bargaining agreement to which Plaintiff was subject provided that seniority would be forfeited after six months of not being employed in a union position. (*Id.* 45:11—46:21.) Clearly, Plaintiff was employed in management, and, therefore, not in a union position, for a much longer period of time than six months. The man alleged by Plaintiff to have been allowed reinstatement past the six-month period was, in fact, only gone from the MTA for

four months. (*Id.* 54:19—55:17.) Thus, reinstatement for him was in accord with the collective bargaining agreement and did not constitute impermissible discrimination. Further, Plaintiff testified that this man was the only individual whom she regarded as having been similarly situated to her. (*Id.* Ex. 2, Hayes-Union Dep. 6:14—17:9, Apr. 19, 2012.) Consequently, Plaintiff's case failed for lack of proof of discrimination.

She has now moved for reconsideration of the Court's judgment. As the Fourth Circuit has pointed out, "The Federal Rules of Civil Procedure do not provide for a postjudgment 'motion for reconsideration.' Rather, they provide for a Rule 59(e) motion to alter or amend the judgment or a Rule 60(b) motion for relief from judgment." *Katyle v. Penn Nat'l Gaming, Inc.*, 637 F.3d 462, 470 n.4 (4th Cir.), *cert. denied*, 132 S. Ct. 115 (2011). The Fourth Circuit has iterated the standard for consideration of a Rule 59(e) motion to alter or amend a judgment:

> Although Rule 59(e) does not itself provide a standard under which a district court may grant a motion to alter or amend a judgment, we have previously recognized that there are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Thus, the rule permits a district court to correct its own errors, "sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance. Similarly, if a party relies on newly discovered evidence in its Rule 59(e) motion, the party "must produce a 'legitimate justification for not presenting' the evidence during the earlier proceeding." In general "reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."

*Pacific Ins. Co. v. American Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citations omitted). The decision to grant relief under Rule 60(b) on the basis of newly discovered evidence is governed by the same standard as under Rule 59(e). *Boryan v. U.S.*, 884 F.2d 767, 771 (4th Cir. 1989). Thus, the movant must demonstrate that

> (1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended.

*Taylor v. Texgas Corp.*, 831 F.2d 255, 259 (11th Cir. 1987), *quoted in Boryan*, 884 F.2d at 771.

It is frankly difficult to discern the basis for Plaintiff's request for reconsideration. She mentions at one point that she has discovered new evidence and describes it as "perjury" by two people whom she labels as defendants but who were not named in her complaint as defendants. (Mot. Reconsid. ¶ 2, ECF No. 32.) In any event, the Court's determination was not based upon their testimony that Plaintiff says was related to the hiring of bus operators during the period of March 2008 through June 2008. She also presents allegations about "job picks" and badge numbers of various employees. But even if her allegations were presented in the form of admissible evidence, they would not change the outcome. Her only comparator was a man proven not to have been similarly situated. No basis exists for disturbing the Court's judgment.

Procedurally, the prior memorandum and order of judgment should have been filed as separate documents pursuant to Rule 58. Accordingly, a separate order will issue *nunc pro tunc* entering judgment for Defendant. Otherwise, Plaintiff's motion for reconsideration (ECF No. 32) is hereby DENIED.

DATED this 21 day of December, 2012.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
United States District Judge

4